IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT LEWIS MONGER,

    Plaintiff,

v.                                                                             No. 13-cv-156 JB/RHS

MICHAEL J. ASTRUE,

Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

THIS MATTER comes before the Court on Plaintiff Robert Lewis Monger's Motion to Reverse or Remand Administrative Agency Decision (Doc.15).  The matter has been referred to the undersigned to recommend a disposition to the assigned District Judge (Doc. 24).  The Court, having considered the pleadings submitted by the parties, the administrative record and the applicable law, recommends that Plaintiff's Motion to Remand be granted for the reasons described below.

## CASE HISTORY

On about April 1, 2010, Mr. Monger applied for disability insurance benefits (Administrative Record (AR) 137), alleging that he was disabled as of December 23, 2009, due to left shoulder injury, lower back injury and right knee injury (AR 141).  Mr. Monger's application was denied at the initial and reconsideration levels (AR ).   On June 21, 2011, the Administrative Law Judge (ALJ) conducted the administrative law hearing in Dallas, Texas on June 21, 2011 (AR 29).  Mr. Monger appeared and testified without the assistance of counsel or other representative (AR 31-56).  On August 8, 2011, the ALJ issued a written decision denying

Mr. Monger's claims (AR 17-24). The Appeals Council reviewed the case along with additional information submitted by Plaintiff. Id. The Appeals Council denied the request for review (AR 1-5). Plaintiff filed his Complaint for court review of the ALJ's decision on February 18, 2013 (Doc. 1).

## ISSUES FOR REVIEW

In determining disability, the Commissioner applies a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The burden rests upon the claimant to prove disability throughout the first four steps of this process, and if the claimant is successful in sustaining his burden at each step, the burden then shifts to the Commissioner at step five. If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. 20 C.F.R. 404.1520(a)-(f).

At the first four steps of the evaluation process, the claimant must show: in step one, he is not currently engaged in substantial gainful activity; in step two, that his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities…;" in step three, that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App 1; and, at step four, if he has not shown his impairments are one of the presumptively disabling impairments, that he is incapable of meeting the physical and mental demands of his past relevant work. 20 C.F.R. 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). If the claimant is successful at the four preceding steps, the burden shifts to the Commissioner to prove, at step five, that considering claimant's residual functional capacity ("RFC"), age, education and past work experience, he is capable of performing other work. Grogan, 399 F.3d at 1261.

At step one, the ALJ determined that Mr. Monger "has not engaged in substantial gainful activity since December 23, 2009." 20 C.F.R. § 404.1520(a)(4)(i). (AR 19). Because this finding was in Plaintiff's favor, the ALJ proceeded to step two. In step two the ALJ considered whether Mr. Monger has a severe medical impairment (20 C.F.R. § 404.1521(b) and 20 C.F.R. § 416.920(b)). The ALJ found that Mr. Monger has the following severe impairments: osteoarthritis of the right knee and left shoulder, status-rotator cuff tear, degenerative disc disease of the lumbar spine and exogenous obesity (20 CFR 404.1520(c) and 416.920(c)) (AR 19). At step three, the ALJ concluded that Mr. Monger does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926) (AR 19).

Since Mr. Monger did not have any impairments meeting a Listing, the ALJ reviewed Mr. Monger's residual functional capacity (AR 20). The ALJ determined that "[Plaintiff]has the residual functional capacity to perform the work at the light exertional level" (AR 20). Although, the ALJ did state that Plaintiff's RFC was "limited by the inability, except occasionally, to reach overhead" (AR 20). At step four, the ALJ found that Mr. Monger could still perform his past relevant work as a sales representative or retail store manager (AR 23). At step five, the ALJ found that Plaintiff was not disabled, as defined by the Act, during the relevant time period, and he denied Plaintiff's claims (AR 24).

## STANDARD OF REVIEW

On appeal, the Court considers whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standards. Langley v. Barnhart, 373 F.3d 1116, 1118 (10th Cir. 2004). The factual findings at the

administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Grogan, 399 F.3d at 1259 (10th Cir. 2005), but it need not be a preponderance. Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court reviews the ALJ's legal decision to ensure the specific rules of law are "followed in weighing particular types of evidence in disability cases." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court performs an independent review ". . . of the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence." Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1301 (10th Cir. 2011) (citing Krauser v. Astrue, 638 F.3d 1324, 1327 (10th Cir. 2011)). However, the Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Adams, 659 F.3d at 1301. Grounds for reversal exist if the agency fails to apply the correct legal standards or to demonstrate reliance on the correct legal standards. Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004).

The Court's belief whether the claimant is disabled or not is irrelevant. Rather, the Court is tasked with determining whether the record as a whole contains substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. Hamilton v. Secretary of Health & Human Services of U.S., 961 F.2d 1495, 1497-98 (10th Cir. 1992). For the purposes of judicial review, the Tenth Circuit described what the record must show:

> The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted

>   evidence he chooses not to rely upon, as well as the significantly
>   probative evidence he rejects.

Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996)(internal citations omitted).  The decision of the Commissioner is conclusive if it is supported by substantial evidence, and as such must be affirmed.

## ANALYSIS

Mr. Monger raises three points of error: (1) that the ALJ ignored relevant treating physician opinion and failed to analyze other medical evidence of record, (2) that the RFC does not include all of Plaintiff's limitations that were supported by substantial evidence of record, and (3) that the ALJ's finding that Plaintiff can return to his past work is unsupported by evidence and law.

First, Plaintiff challenges the RFC assessment because it is contrary to Dr. Dillin's opinion (Doc. 15 at 7-11).  Additionally, Plaintiff challenges the ALJ's failure to analyze other medical evidence from Michael Banks, D.C.; Sudhakar Rumalla, M.D., the SSR 96-6 expert; and the non-examining state agency doctor, Laurence Ligon, M.D.  Id. at 11-17.  Plaintiff contends that the ALJ rejected Dr. Dillin's opinion because he determined that Plaintiff was capable of performing "work at the light exertional level, limited by the inability, except occasionally, to reach overhead" (AR 20).  The ALJ discusses Dr. Dillin's treatment and the two procedures Plaintiff underwent to repair his left shoulder (AR 21-22).  The ALJ notes that on two occasions Dr. Dillin's records state that claimant was doing quite well (AR 21).   The ALJ also notes Dr. Dillin's opinion that "claimant should not perform repetitive forceful use of the left hand at a length from the body and above the nipple line" (AR 21).  However, Dr. Dillin also opined that Plaintiff "could carry up to about 10 pounds as long as he did not lift it above his nipple line . . . [and] could do this on a repetitive basis but certainly not all day long"  (AR 340), which is not

included in the decision.  The ALJ mentions Dr. Banks, the chiropractor, and states that he finds it "interesting" that Dr. Dillin's records do not contain Plaintiff's complaints of neck, back and knee pain, but that Plaintiff seeks evaluation and treatment of a chiropractor (AR 21-22).  The ALJ also notes that "[d]espite the numerous and frequent psychiatric session (sic)[1]" Plaintiff had no "significant improvements" (AR 22).

      The Commissioner argues that the Plaintiff's contentions that the ALJ failed to properly weigh the medical opinions including Dr. Dillin's opinions as meritless (Doc. 16 at 4).  The Commissioner further argues that case law supports a finding that a treating medical opinion is not entitled to controlling weight if not well-supported or is inconsistent with other record evidence (Doc. 16 at 4).  "A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it."  Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 589-90 (10th Cir. 1995).  However, the ALJ does not assign **any** weight to Dr. Dillin's opinion nor to Dr. Bank's opinion.  Review of the other record evidence demonstrates that Dr. Dillin's opinion was supported.  It appears that the ALJ chose the most favorable evidence to support his finding that Plaintiff was not disabled and able to perform light work.

      Although ALJs are not required to discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion.  Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012). When assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why.  SSR 96-5p, 1996 WL 374183 at *5.  "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is

---

[1] The Court is concerned with certain errors made in the decision, and specifically points out that the ALJ's decision refers to Plaintiff's chiropractic sessions as "psychiatric."  Additionally, the ALJ refers to Plaintiff using the female pronouns "she" and "her" several times when in fact Plaintiff is male.

charged with determining a claimant's RFC from the medical record." (alteration and internal quotation marks omitted)." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). Nevertheless, the "ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of non-disability." Chapo, 682 F.3d at 1292 (internal brackets omitted)(quoting Haga v. Astrue, 482 F.3d 1205, 1208 (10 Cir. 2007). ALJs are required to weigh medical source opinions and to provide "appropriate explanations for accepting or rejecting such opinions." SSR 96-5, 1196 WL 374183 at *5; Keyes-Zachary, 695 F.3d at 1161 (citing 20 C.F.R. 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).

In this case, the ALJ rejected the medical opinions that would preclude a finding that Plaintiff is able to perform light work. Dr. Dillin opined that Plaintiff could not frequently lift or carry objects weighing 10 lbs. or more (AR 340). The Functional Capacity Evaluation performed at the request of Dr. Banks, determined that Plaintiff had an abnormal gait, poor balance and an inability to stand for prolonged periods (AR 344-35, 347). Dr. Rumella's report noted that the physical examination was "significant for extreme obesity" and Plaintiff walked with a limp and had certain difficulties walking (AR 294). Finally, Dr. Ligon, the non-examining state agency doctor, opined that Plaintiff would only stand or walk for three hours over an eight-hour workday (AR 302). No other provider opined that Plaintiff could stand/walk more than 3 hours. 20 CFR 404.1567 (b) provides in pertinent part that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . a job is in this category when it requires a good deal of walking or standing. . ." Additionally, light work requires standing or walking, off and on, for approximately 6 hours out of an 8-hour work day. SSR 83-10; Gutierrez v. Barnhart, 109 Fed.Appx. 321, 326 (10th Cir. 2004); Talbot v. Hecker, 814 F.2d 1459, 1463-64 (10th Cir. 1987). The Court reiterates that

with the exception of the state agency consultants, the ALJ did not assign nor explain what weight was assigned to each opinion.  SSR 96-5p.  It is also evident that most of the other medical evidence supported Dr. Dillin's opinions.

Finally, the ALJ noted that "no examining or treating physician has opined that the claimant is disabled within the meaning of the Social Security Act" (AR 23).  "A treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments."  Castellano v. Secretary of Health and Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994).  However, the responsibility for determining the ultimate issue of disability is reserved to the Commissioner.  Kellogg v. Barnhart, 33 Fed.Appx. 459, 460 (10th Cir. 2002) (quotations omitted).

For these reasons, the Court recommends reversing the ALJ's decision and remanding the case to allow the application of the proper legal standard to the evaluation of the medical opinions in formulating the RFC assessment.  The other errors alleged by Plaintiff may be affected by proper consideration of the medical opinions and the consequent reconsideration of the RFC.  Accordingly, the other alleged errors need not be addressed at this time.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendation.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE