## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT LEWIS MONGER,

        Plaintiff,

vs.                                                                                  No. CIV 13-0156 JB/CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed June 3, 2016 (Doc. 34)("Motion").  The Plaintiff's attorney, Michael D. Armstrong, moves the Court for an order authorizing attorney fees in the amount of $25,947.00 for legal services rendered before the Court.  See Motion at 1.  The Defendant sets out the relevant legal standards that the Court should use in deciding the Motion, but declines to take a position with regard to the requested award's reasonableness.  See Defendant's Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) at 1, filed June 6, 2016 (Doc. 35)("Response").  Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that the Motion is well founded in the relevant law and in the applicable facts, and the Court will grant it.

### PROCEDURAL BACKGROUND

Monger instituted an action in the Court on February 18, 2013, seeking judicial review of the Defendant's denial of his application for Social Security disability benefits.  See Complaint,

filed February 18, 2013 (Doc. 1)("Complaint").  On January 30, 2015, the Court adopted the Honorable Robert Hayes Scott's, United States Magistrate, Analysis and Proposed Disposition, filed December 22, 2014 (Doc. 25), granted Monger's request for relief, and remanded the case to the Defendant for further proceedings.  See Memorandum Opinion and Order Adopting the Magistrate Judge's Analysis and Proposed Disposition, and Granting the Plaintiff's Motion to Reverse and Remand Administrative Agency Decision, filed January 30, 2015 (Doc. 26).  Monger subsequently filed a motion seeking attorney fees in the amount of $7,210.05 and costs in the amount of $350.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  See Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, with Memorandum in Support, filed February 27, 2015 (Doc. 28).  That motion was granted on June 8, 2015.  See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 8, 2015 (Doc. 33).

Upon remand, the Commissioner determined Monger to be disabled, entered a fully favorable decision, and awarded Monger over six years of past-due benefits, totaling $127,788.00.  See Notice of Decision -- Fully Favorable, filed June 3, 2016 (Doc. 34-1 at 1)("Notice of Decision"); Notice of Award, filed June 3, 2016 (Doc. 34-1 at 14)("Notice of Award").  The Commissioner advised Monger on May 24, 2016 that $25,947.00 was being withheld from Monger's total benefit amount pending an award of attorney fees pursuant to 42 U.S.C. § 406(b).[1]  See Notice of Award at 3.  Mr. Armstrong requests that the Court authorize

---

[1]The Commissioner withholds twenty-five percent of past due benefits for a potential award of attorney fees pursuant to 42 U.S.C. § 406(b).  In this case, twenty-five percent of the past due benefits, less the $6,000.00 that the Administrative Law Judge authorized to be paid for work that Mr. Armstrong performed before the Commissioner, totals $25,947.00.  See Notice of Award at 2-3.

- 2 -

the $25,947.00 being withheld as attorney fees for legal services provided before this Court.[2] Mr. Armstrong also asserts that, contemporaneously with the release of those funds, Monger will be refunded the EAJA fees previously awarded by this Court in the amount of $7,210.05.  See Notice of Award at 2.

## ANALYSIS

When a court renders a judgment favorable to a social security claimant whom an attorney represented before the court, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits.  See Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933-34 (10th Cir. 2008).  If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant.  Wrenn ex rel. Wrenn v. Astrue, 525 F.3d at 934.  The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits."  McGraw v. Barnhart, 450 F.3d 493, 495-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than twenty-five percent of past-due benefits, because there is no presumption that twenty-five

---

[2]Monger had entered into a contingency fee arrangement with Mr. Armstrong wherein he agreed that Mr. Armstrong would receive twenty-five percent of any past due benefits received from the agency in the event of a favorable agency decision.  See Fee Agreement -- Federal Court, filed June 3, 2016 (Doc. 34-2 at 5).

percent is reasonable.  See Gisbrecht v. Barnhart, 535 U.S. at 807 n.17.  Counsel has the burden of demonstrating the fees' reasonableness.  See Gisbrecht v. Barnhart, 535 U.S. at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved."  Gisbrecht v. Barnhart, 535 U.S. at 808.  Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.  See Gisbrecht v. Barnhart, 535 U.S. at 808.  A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases.  See Gisbrecht v. Barnhart, 535 U.S. at 808.  The statute does not specify a deadline for requesting fees.  See 42 U.S.C. § 406(b).  The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits."  McGraw v. Barnhart, 450 F.3d at 505.

In this case, the Court concludes that Mr. Armstrong's representation of Monger was more than adequate.  Mr. Armstrong has represented Monger since 2013, obtained a fully favorable decision for Monger, and did not delay the proceedings before the Court in any way. He filed the instant Motion within three months of the favorable decision finding disability and within one month of Monger receiving official notice that he was entitled to past-due benefits. See Notice of Decision; Notice of Award.  The Court finds this to be a reasonable amount of time.

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Mr. Armstrong's experience working on Social Security cases.

See Affidavit of Michael D. Armstrong Attorney at Law, filed June 3, 2016 (Doc. 34-2 at 6)("Armstrong Aff.").   Mr. Armstrong documented 38.55 total hours of attorney hours in representing Monger before the Court.   See Affidavit, filed June 3, 2016 (Doc. 34-2 at 1)("Armstrong Hours Aff.").   Awarding counsel the requested $25,947.00 would result in an average hourly fee of $673.07 for attorney work performed before the Court.   The Court notes that this fee is extremely high in light of Mr. Armstrong's statements to the Court pursuant to Monger's motion for EAJA fees, wherein Mr. Armstrong asserted that $187.00 and $188.00 per hour were the reasonable EAJA fees for work the attorneys performed in years 2013 and 2014, respectively.   See Armstrong Hours Aff.

Considering, however, Mr. Armstrong's experience and reputation in Social Security representation, and that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable.   See, e.g., Marquez v. Astrue, CIV 10-1165 CG (Doc. 30)(awarding $10,015 for 18.9 hours, or $529.00 per hour); Montes v. Barnhart, CIV 01-578 BB/KBM (Doc. 22)(fees awarded pursuant to § 406(b) translated to $701.75 per hour); Valdez v. Barnhart, CIV 00-1777 MV/LCS (Docs. 26 & 27)(awarding $12,000.00 for 18.6 hours, or $ 645.16 per hour).   In addition, Mr. Armstrong was able to secure $127,788.00 in past-due benefits and requests less than twenty-five percent of that amount.   Furthermore, while the fee itself may be high, "when that fee is considered in conjunction with a Social Security lawyer's risk of loss, an amount that would seem untenable in an hourly area suddenly becomes more palatable."   Valdez v. Barnhart, Civ. 00-1777 MV/LCS, at 4).   The Court again notes that the Commissioner does not take a position for or against this Motion, and it is the Court's duty to determine whether the fees are reasonable.   See Response at 1-7.

**IT IS ORDERED** that: (i) the Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed June 3, 2016 (Doc. 34), is granted; (ii) the Plaintiff's counsel, Michael D. Armstrong, is awarded $25,947.00 for legal services rendered before the Court; and (iii) Mr. Armstrong shall refund Monger the $7,210.05 awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael D. Armstrong
Michael D. Armstrong Law Office
Albuquerque, New Mexico

--and--

Francesca J. MacDowell
MacDowell Law, P.C.
Placitas, New Mexico

   *Attorneys for the Plaintiff*

Damon P. Martinez
   United States Attorney
Manuel Lucero
   Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

--and--

Stuart G. Lipke
Social Security Administration
Dallas, Texas

   *Attorneys for the Defendant*

- 6 -